IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


KAREEM ABDUL JABBAR WHITE,  §
                            §
         Petitioner,        §
                            §
v.                          §          2:12-CV-121
                            §
WILLIAM STEPHENS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
                            §
         Respondent.        §


**REPORT AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS**


Came for consideration the Petition for Writ of Habeas Corpus filed by petitioner

KAREEM ABDUL JABBAR WHITE challenging a December 2, 2008, conviction for delivery

of a controlled substance in a drug free zone out of the 242nd Judicial District Court of Swisher

County, Texas.  Petitioner is serving a four-year sentence on this conviction.[1]  For the reasons set

forth below, it is the opinion of the undersigned United States Magistrate Judge that the petition

should be DENIED.


I.
FACTUAL AND PROCEDURAL HISTORY

The Amarillo Court of Appeals described the facts of the case as follows:

---

[1]Petitioner was sentenced to a four-year sentence in 2008 but was released on appellate bond until the judgment of the trial court was affirmed in 2011.  Information received from TDCJ shows petitioner discharged his sentence on June 5, 2015.

By a November 2007 indictment, appellant was charged with "intentionally or knowingly deliver[ing], by actual transfer, to Jo Ann Fernandez, a controlled substance, namely cocaine, in an amount of less than one gram ... within 1,000 feet of Circle Park, a playground...." The indictment also contained an enhancement paragraph setting forth appellant's previous felony conviction for robbery.

Evidence showed on May 5, 2006, appellant made a sale of cocaine to a confidential informant, Jo Ann Fernandez. Fernandez had an audio recorder to record the transaction and was given a $50 bill. Troopers followed her to an address in Tulia, Texas. She knocked on the door and appellant's wife, Chandra, opened the door. Appellant was inside the residence, "messing with something white in the [kitchen] shelves." After Fernandez told Chandra she "needed some rock," Fernandez testified, she saw appellant hand "something" to Chandra, who then handed the item to Fernandez. Fernandez paid Chandra the $50. The item appeared to be the drugs she asked to buy in the amount she requested. After Fernandez and the following officers left the residence, Fernandez gave the drugs to a trooper, who also testified. A forensic scientist testified the substance contained .45 grams of cocaine. The jury also heard the audio recording of the transaction.

Later on the morning of the buy, police executed a search warrant for appellant's residence. Troopers seized a small amount of marijuana, two digital scales, packaging material with suspected crack cocaine residue, and $900 in cash. Among the $900 was a $50 bill with a serial number the trooper said matched that of the $50 bill given to Fernandez to make the buy. Appellant and Chandra were later arrested.

The jury found appellant guilty as charged in the indictment and sentenced him to four years of imprisonment.

*White v. State*, No. 07-09-00012-CR, 2011 WL 1004856 (Tex. App.—Amarillo March 22, 2011, no pet.).

The Amarillo Court of Appeals affirmed petitioner WHITE's conviction on March 22, 2011. *Id*. Petitioner filed a state habeas application on December 21, 2011, which was denied without written order on February 22, 2012. Petitioner then filed this federal Petition for a Writ of Habeas Corpus on May 24, 2012.

## II.
## PETITIONER'S CLAIMS

Petitioner alleges his conviction and sentence violate his rights under the United States

Constitution because:

1.  His trial counsel was ineffective for failing to investigate and discover potentially exculpatory evidence;

2.  The evidence was not sufficient to sustain his conviction;

3.  The conviction was obtained by use of illegal evidence;

4.  The state withheld exculpatory evidence;

5.  The conviction violated the Double Jeopardy Clause of the Fifth Amendment;

6.  The trial court erred by failing to include a "covert-agent" instruction in the jury charge;

7.  The evidence was not sufficient if the accomplice witness and covert agent testimony are excluded; and

8.  The trial court erred by excluding evidence related to a defensive theory.

## III.
## AEDPA

Pursuant to 28 U.S.C. § 2254(d), a federal writ of habeas corpus on behalf of a person in

custody under a state court judgment shall not be granted with respect to any claim that was

adjudicated on the merits in state court proceedings unless the prior adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   A decision adjudicated on the merits in state court and based on a factual

determination will not be overturned unless it is objectively unreasonable in light of the evidence

presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct.

1029, 1041, 154 L. Ed. 2d 931 (2003).   Section 2254(e)(1) provides that a determination of a

factual issue made by a state court shall be presumed to be correct.   The petitioner has the burden

to rebut the presumption of correctness by clear and convincing evidence.   *Hill v. Johnson*, 210

F.3d 481, 485 (5th Cir. 2000).   When the Texas Court of Criminal Appeals denies relief in a state

habeas corpus application, it is an adjudication on the merits, and is entitled to this presumption.

*Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a

'denial' signifies that we addressed and rejected the merits of a particular claim."); *Singleton v.

Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (recognizing this Texas state writ jurisprudence).


IV.
<u>EXHAUSTION</u>

The state contends three of petitioner's claims—his illegal evidence claim, his double

jeopardy claim, and his exclusion of evidence claim—are unexhausted and are, therefore,

procedurally barred.

As relevant here, the AEDPA provides:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears
that—

    (A)    the applicant has exhausted the remedies available in the
            courts of the State; or

    (B)(i)   there is an absence of available State corrective process; or

    (ii)    circumstances exist that render such process ineffective to

protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The exhaustion doctrine set forth in section 2254 requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases.  *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity [for] the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.*  (brackets, internal quotation marks, and citations omitted).  To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).  This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims.  *Picard v.*

*Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to

satisfy the federal exhaustion requirement, petitioner must fairly present to the highest state court

each constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*,

950 F.2d 1037, 1041 (5th Cir. 1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.

1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In the state of Texas, the Court of

Criminal Appeals is the highest court with jurisdiction to review a petitioner's confinement.

Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court

through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et

seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

In WHITE's case, it does not appear he raised grounds numbered three and five in his

state habeas application. Additionally, ground number seven, to the extent it is not duplicative of

his sufficiency of the evidence claim in ground two, appears to be unexhausted as well. While

generally a court is required to either grant a stay and abeyance to allow a petitioner to exhaust

state court remedies or allow the petitioner to voluntarily dismiss the unexhausted claims, a court

may also deny a petition for habeas corpus on the merits "notwithstanding the failure of the

applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Respondent argues the Court should dismiss the entire petition as a mixed petition, relying on

*Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 1205, 71 L. Ed. 2d 379 (1982). *Rose v.

Lundy*, however, was abrogated by *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 1535,

161 L. Ed. 2d 440 (2005). *Rhines v. Weber* held that "the court should allow the petitioner to

delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire

petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* In this

case, if the Court were to dismiss the petition, petitioner's subsequent habeas petition would likely be time barred, thus dismissal would impair petitioner's right to obtain federal relief on his properly exhausted grounds.  Rather than requiring petitioner to dismiss his unexhausted claims, the Court will address all of petitioner's claims on the merits.

V.
EFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his first ground, petitioner claims trial counsel was ineffective for failing to investigate and discover potentially exculpatory evidence.  This claim is governed by *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).  Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial.  *Id.* at 687, 104 S.Ct. at 2064.  If the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution the performance was deficient.  *Id*.  A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance.  *Id.* at 689, 104 S.Ct. at 2065.  Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable."  *Id.* at 690-91, 104 S. Ct. at 2066.  This is a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result.  *Harrington v. Richter*, 562 U.S.___, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, 563 U.S.___, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

Even if deficient performance is shown, a petitioner must also show counsel's deficient performance prejudiced the defense.  To prove prejudice a petitioner must show "there is a

reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir. 1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law, and presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* ___ U.S.___, 134 S.Ct. 10, 187 L. Ed. 2d 348 (2013). The absence of evidence cannot overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" and cannot establish that performance was deficient. *Id.* Petitioner WHITE's ineffective assistance of counsel claim was adjudicated on the merits in a state court proceeding and the denial of relief was based on a factual determination. It, therefore, cannot be overturned unless the state court finding was objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 1029 (2003). A state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Burt*, 134 S. Ct. at 15.

Petitioner claims trial counsel failed to investigate and interview several witnesses.  He claims counsel should have interviewed Teresa Aguilar, an alleged confidential informant for the state who he says attempted to purchase drugs from petitioner but failed.  He claims counsel should have interviewed Patricia Moore, who could testify that Teresa Aguilar was present at the Crockett Drive residence where she was denied drugs.  Petitioner claims counsel should have interviewed Lawanda Smith and Eugene Kelly, who "were also witnesses to [petitioner's] whereabouts." Pet. at 7.  Lastly, he claims counsel should have interviewed Taylor Montalvo and Crystal Galan, who he claims would have testified that petitioner was not present at the Crockett Drive address as alleged and that Jo Ann Fernandez did not come to that house and purchase drugs from petitioner.

Because petitioner has not presented any evidentiary or documentary support regarding what these witnesses would have testified to, the Court cannot determine whether or not trial counsel was ineffective for failing to interview or call these witnesses.  Self-serving assertions about the purported testimony of an uncalled witness are insufficient for post-conviction relief. *United States v. Bertram*, 987 F.2d 771, *2 (5th Cir. 1993) (not designated for publication), citing *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983).

Additionally, even assuming counsel was ineffective for failing to interview these witnesses, petitioner has not shown how he was prejudiced by this failure.  Since petitioner has not shown exactly what testimony these witnesses would have given, this Court cannot ascertain whether or not petitioner suffered prejudice.  Petitioner's first ground is without merit.

VI.

SUFFICIENCY OF THE EVIDENCE

In his second and seventh grounds, petitioner claims the evidence used to convict him was insufficient.  Petitioner contends in his second ground that because his wife, Chandra White, was acquitted at an earlier trial of a delivery charge stemming from the same incident at issue in petitioner's trial, the evidence in his trial was insufficient to convict petitioner of constructive delivery.  In his seventh ground petitioner claims the evidence becomes insufficient if accomplice-witness and covert-agent witness testimony are excluded.

Although petitioner has argued that the drug transaction at issue did not occur on May 5, 2006, by his second claim he alternatively argues that if the drug delivery did occur, his wife was the one who made the delivery and, since she was acquitted of this offense, he cannot be said to have constructively delivered the drug.   In *Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980) however, the United States Supreme Court found that the acquittal of a principal in a criminal case did not preclude prosecution of an accomplice.  The Court held there was "a clear intent to permit the conviction of accessories to federal criminal offenses despite the prior acquittal of the actual perpetrator of the offense." *Id.* at 19.  Texas courts have extended this holding to state criminal activity.  *See State v. Corral*, 2010 WL 337676, at *2-3 (Tex. App. Jan. 29, 2010).  Petitioner WHITE's contention that his co-defendant wife's acquittal bars his conviction is without merit.

Petitioner also argues that without the accomplice-witness and covert-agent witness testimony the evidence was insufficient to convict him.  It appears petitioner may not be claiming this testimony should be excluded, but that it is uncorroborated, and standing alone is insufficient.  As discussed below in paragraph XI., both Trooper Salmon and Sergeant Chris

Wischkaemper testified about the drug sale to Jo Ann Fernandez.  Both officers stated they followed Ms. Fernandez from a pre-determined location to the Crockett Drive address and then back to the original location.  Sergeant Wischkaemper testified he searched Ms. Fernandez's vehicle for contraband both before and after the drug deal.  Trooper Salmon also testified the money he gave Ms. Fernandez to purchase the drug was later found in the house.  He further testified he received the drug Ms. Fernandez obtained and submitted it for testing.  This evidence, together with the recording, was sufficient to convict petitioner.

VII.
ILLEGAL EVIDENCE

In his third ground, petitioner makes two claims: (1) his conviction was obtained by use of illegal evidence and (2) the reason given for the authorization of a search warrant, "complaints of high drug traffic", differed from the facts ultimately used to convict petitioner, "the alleged purchase of drugs from Jo Ann Fernandez."

*1. Illegal Evidence*

Petitioner claims an audio recording of the drug purchase used at his trial differed from a recording used during his co-defendant's trial.  He says the recording used at his co-defendant's trial did not have a male voice in it, other than from a television, while the recording used during his trial does have a male voice.  He says, "The CI leaves the house of the alleged buy and four minutes later the background of the television goes off.  That is proof that the recording was tampered with."  Pet. 7, 7 cont.  He also argues, in a conclusory manner, "On the recording some of the conversation was deleted out."

Petitioner does not identify any constitutional right that was violated by the use of this

recording.  Petitioner does not argue the prosecution committed misconduct and, even if the Court construed that to be the argument, petitioner has not presented any evidence showing the prosecution used any evidence knowing it was false or was tampered with.  Standing alone, the authenticity of the evidence was a factual matter.  If the evidence had been tampered with, petitioner's trial counsel was free to and did make that argument at trial to the jury.  It is not an issue for this Court on habeas review.

If the Court construes the claim as a general due process violation, the claim still fails. Due process is implicated only for rulings "of such a magnitude" or "so egregious" that they "render the trial fundamentally unfair."  *Gonzalez v. Thaler*, 643 F.3d 425, 430 (5th Cir. 2011), (quoting *Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir. 1976); *Pemberton v. Collins*, 991 F.2d 1218, 1226 (5th Cir. 1993)).   Relief will be warranted only when the challenged evidence "played a crucial, critical, and highly significant role in the trial."  *Id.* (quoting *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998)).

The due process inquiry must consider the significance of the challenged evidence "in the context of the entire trial."  *Id.* at 430-31 (quoting *Thomas v. Lynaugh*, 812 F.2d 225, 230-31 (5th Cir. 1987)).  The Fifth Circuit has held that the Due Process Clause does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not "so pronounced and persistent that it permeates the entire atmosphere of the trial." *Id.*

In petitioner's case, the recording cannot be said to have been the principal focus, and it did not play a crucial, critical, and highly significant role in the trial.  Although petitioner focused heavily on the tape recording, it was primarily used to corroborate the testimony of Jo Ann Fernandez, the witness who made the purchase.  Fernandez testified she purchased the drugs, saw

petitioner hand the drugs to his wife, who then handed the drugs to Fernandez.  This was the critical evidence upon which the trial turned.  The tape merely corroborates Fernandez's testimony.  Additionally, even as corroborating evidence, the tape was not overly critical.  Officers who executed the search warrant on petitioner's residence testified to finding large quantities of cash, including the fifty dollar bill that officers had given to Fernandez to purchase the drugs.  The officers also testified they found a scale and baggies containing crack cocaine residue.  There was sufficient evidence aside from the tape recording to support petitioner's conviction.  In spite of petitioner's focus on the tape and his allegations of fabrication, the tape cannot said to have played a crucial, critical, and highly significant role in the context of the trial as a whole.  There is no evidence petitioner's due process rights were violated.

### 2. Warrant

With regards to his challenge of the validity of the search warrant, petitioner has not stated a claim.  Petitioner has not identified, and the Court is not aware of any law or constitutional provision that would require the search warrant affidavit to have stated it was authorized "by the alleged purchase of drugs from (sic) Jo Ann Fernandez", rather than for "complaints of high drug traffic."  For a warrant to be valid, the only requirement is that it be supported by sufficient probable cause (or an exception to that requirement).  *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992).  Probable cause exists where there is a fair probability that contraband or evidence of a crime will be found in a particular place.  *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).  The search warrant was not entered as evidence in petitioner's trial and is not before the Court, but there is nothing facially unconstitutional with supporting a warrant with "complaints of high drug traffic"

assuming such was supported by sufficient supporting facts to constitute probable cause.

Petitioner has not demonstrated a constitutional defect, and his third ground is without merit.

VIII.
BRADY VIOLATION

In his fourth ground, petitioner claims his rights under *Brady* were violated when the state withheld exculpatory evidence.  He claims the state did not turn over trial documents from a co-defendant's trial in which the co-defendant was acquitted.

To prevail on a *Brady* claim, a petitioner must show (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material.  *Drew v. Collins*, 964 F.2d 411, 419 (5th Cir. 1992).  The State has no obligation to point the defense toward potentially exculpatory evidence if that evidence is either already in the possession of the defendant or can be discovered by the defendant exercising due diligence.  *Rector v. Johnson*, 120 F.3d 551, 558-59 (5th Cir. 1997).

Petitioner has not identified any specific evidence that was unavailable to him at the time of his trial, has not explained how such evidence would be favorable to him, and has not shown the evidence was material.  Petitioner's only contention is that the evidence was "specifically requested by trial counsel" and "the prosecution failed to surrender said documents/transcripts." While failing to turn over evidence for discovery or as required should not occur, petitioner has not shown, or even argued, that the documents he references were not public or otherwise available, nor has he shown they were exculpatory.  Petitioner has not offered any evidence of what the testimony and documents would have contained.  Without such evidence, the Court cannot assess whether the evidence would be favorable or material.  Petitioner has failed to show exculpatory evidence was suppressed, has failed to show it was favorable, and has failed to show

it was material.  Petitioner's fourth ground is without merit.

IX.

<u>DOUBLE JEOPARDY</u>

By his fifth claim, petitioner avers his conviction violates the Double Jeopardy Clause of the Fifth Amendment because in a case in which he was charged with possession of marijuana, the prosecution used evidence, *i.e.* baggies with cocaine residue, and then used that same evidence in this case.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const., amend. V. "The Double Jeopardy Clause protects against (1) a second prosecution after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *United States v. Paternostro*, 966 F.2d 907, 911 (5th Cir. 1992) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Regarding the first and second prong, a prosecution cannot violate the Double Jeopardy Clause where no jeopardy has ever attached.  Under the Federal Constitution, there is a bright line rule that jeopardy does not attach until a jury is empaneled and sworn.  *Martez v. Illinois*, 134 S. Ct. 2070, 2074, 188 L. Ed. 2d 1112 (2014).  In a bench trial, jeopardy does not attach until the judge in the case begins to receive evidence.  *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S. Ct. 1349, 1353, 51 L. Ed. 2d 642 (1977).  If petitioner is arguing the second prosecution was barred by the first prosecution for marijuana possession, petitioner's claim is without merit.  Petitioner has not shown jeopardy ever attached to the dropped marijuana charge. Merely being charged with a crime does not cause jeopardy to attach.  In order for jeopardy to

have attached, a jury would have had to have been empaneled or, if tried to the bench, the trial

judge would have to have heard evidence.  Petitioner has not presented any evidence or argued

that the previous case ever went to trial, much less that a jury had been empaneled, or that a

judge heard evidence. The only relevant evidence is petitioner's statement, "In 2007 on the date

of applicant's trial, [the] case was dropped."  There is no evidence of a jury having been

empaneled or any evidence being presented to a judge before the charge was dropped.

Regarding the third prong, "[t]he protection against multiple punishments prohibits the

Government from punishing twice, or attempting a second time to punish criminally for the same

offense." *United States v. Ursery*, 518 U.S. 267, 273, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996)

(quoting *Witte v. United States*, 515 U.S. 389, 396, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995))

(internal quotations omitted).  Based upon the limited facts presented here, the Double Jeopardy

Clause could not have been violated under the third prong unless petitioner was punished twice.

Petitioner does not claim he was punished following the marijuana charge, because the charge

was dropped.  Petitioner's fifth ground is without merit.


## X.
## FAILURE TO INCLUDE JURY CHARGE

In his sixth ground, petitioner claims the trial court erred by failing to instruct the jury on

the "covert-agent (accomplice witness)" instruction.  Under article 38.14 of the Texas Code of

Criminal Procedure "[a] conviction cannot be had upon the testimony of an accomplice unless

corroborated by other evidence tending to connect the defendant with the offense committed; and

the corroboration is not sufficient if it merely shows the commission of the offense."  Under

Texas law, an accomplice is a person who "participates before, during, or after the commission

of the crime and can be prosecuted for the same offense as the defendant or for a lesser-included offense." *Medina v. State*, 7 S.W.3d 633, 641 (Tex. Crim. App.1999) (emphasis added).

Only federal constitutional claims are cognizable in a federal habeas proceeding. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). "[T]he Constitution imposes no requirement that the testimony of an accomplice-witness be corroborated by independent evidence. Accordingly, the prosecution's failure to satisfy the requirements of the accomplice-witness sufficiency rule, and a state court's failure to enforce that purely state rule, simply [does] not warrant [federal] constitutional attention." *Clay v. Cockrell*, 48 Fed. App'x 104, *5 (5th Cir. August 20, 2002) (quoting *Brown v. Collins*, 937 F.2d 175, 182 n. 12 (5th Cir.1991)). Even if the accomplice witness rule was applicable to the state court trial, and assuming no corroborating evidence was supplied, no federal constitutional violation occurred. Since the accomplice witness rule is a state law, even if the prosecution failed to satisfy the requirements of the Texas accomplice-witness rule, that violation of state law would not entitle petitioner to federal habeas relief. *Brown*, 937 F.2d at 182 n. 12, citing *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982) (only federal constitutional claims are cognizable in section 2254 proceeding). Petitioner's seventh ground is without merit.

XI.
EXCLUSION OF EVIDENCE OF DEFENSIVE THEORY

In his eighth ground, petitioner claims the trial court erred by excluding evidence related to petitioner's defensive theory. He claims the trial court improperly excluded evidence that Teresa Aguilar, who petitioner alleges unsuccessfully attempted to purchase contraband from petitioner's wife, was a confidential informant.

One of the points petitioner raised in his defense was, seemingly, that Fernandez did not purchase drugs from petitioner the evening before the police raid, but instead purchased drugs from petitioner at a later date.  To this end, petitioner's wife testified that she did not meet Jo Ann Fernandez until a date after the raid at issue.  Petitioner's wife testified she met Fernandez when she hired Fernandez to perform work at a different house, on Dallas Avenue, that she moved into with petitioner some date after the drug raid.  Petitioner's wife testified that the only person who attempted to buy drugs the afternoon  prior to the raid was Teresa Aguilar, and that she declined to sell Aguilar drugs, telling her to get out of the house.  Petitioner's wife testified petitioner was not present at the house when Teresa Aguilar attempted to purchase drugs.  When confronted with evidence from the recording of the drug purchase, which had petitioner's voice on it, as well as sound from a playoff basketball game between the Los Angeles Lakers and Phoenix Suns that was played on the day of the raid, petitioner argued that somebody with access to the recording had modified it by taking the sound of the basketball game from the alleged Aguilar recording, recorded before the raid, removed the conversation between petitioner's wife and Aguilar where Aguilar was told to "get out", and then added the conversation from the later Fernandez purchase.  Petitioner claims if he had been allowed to ask Trooper Salmon whether Teresa Aguilar was a confidential informant or not, it would have proved his defensive theory, that the drug buy did not occur on the date alleged in the indictment, more plausible.

The Sixth Amendment right to present a complete defense may be violated by "evidence rules that infringe upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve." *Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (quotation marks omitted).  Even so, "well-established rules

of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Id.* at 326, 126 S.Ct. 1727.

It appears very little evidence was excluded by the trial court's ruling. During the cross-examination of Trooper Salmon, trial counsel inquired about the number of cooperating individuals he had worked with. Trooper Salmon responded that he had worked with three or four. Trial counsel then asked Trooper Salmon to name those witnesses. The state objected and, after argument, the judge overruled the objection. Trooper Salmon answered, "I couldn't tell you, sir." Tr. 121. Petitioner then asked Trooper Salmon if he had ever worked with Teresa Aguilar. The state objected and the trial court sustained the objection. Petitioner asked Trooper Salmon if he had worked with any cooperating witnesses during the time he investigated petitioner, and Trooper Salmon answered that had not. Later in the case, during petitioner's portion of the case, petitioner's wife testified about the alleged activities of Teresa Aguilar at length.

In summary, petitioner was able to question Trooper Salmon regarding the number of cooperating individuals he utilized, the names of those cooperating individuals, and whether he had used any cooperating individuals other than JoAnn Fernandez while investigating petitioner. The only question petitioner was not able to ask was whether Teresa Aguilar was a cooperating individual. While it was never confirmed by Trooper Salmon that Aguilar was a cooperating individual, petitioner's wife testified to Aguilar's purported involvement in the case and trial counsel devoted a substantial portion of his closing statement to argue that Aguilar was working with police. While direct testimony from Trooper Salmon may have bolstered petitioner's

defensive theory to some degree, petitioner was not prevented from presenting that portion of his defense.

Furthermore, it is not clear what proving Teresa Aguilar's involvement would accomplish.  Even if it were proven that the drug purchase by Fernandez occurred on a different date, such would not invalidate petitioner's conviction.  As it relates to the indictment, the only requirement for the indictment to be valid is that the date be "anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." Tex. Code of Crim. Pro. Art. 21.02(6).  Petitioner asked the jury in his closing argument to "hold the state to their burden of proving each and every element of their case beyond a reasonable doubt." Tr. 275.  There is no element of the offense requiring the crime to have been committed on a certain date.  The state was only required to prove petitioner committed the offense "on or about a specified date."  At trial, Trooper Salmon and Sergeant Chris Wischkaemper both testified the alleged drug sale to Jo Ann Fernandez occurred on May 5, 2006.  Scott Williams, a forensic scientist with the Department of Public Safety Crime Laboratory Division testified the lab received a substance on May 10, 2006 from Trooper Salmon.  Upon testing, the substance was identified as .45 grams of cocaine.  All of this evidence, combined with the testimony of Jo Ann Fernandez, was presented to the jury, who, based on that evidence, convicted.  Petitioner's last ground is without merit.

## XII.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief.  Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the

United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State

Custody filed by petitioner KAREEM ABDUL JABBAR WHITE be DENIED on the merits.


XIII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   21st   day of August 2015.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).